IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL NO. 1:05CR270

UNITED STATES OF AMERICA )
)
)
VS. ) **MEMORANDUM AND ORDER**
)
)
CALVIN HOMER COGDELL )
____________________________)

**THIS MATTER** is before the Court on the Defendant's timely filed objections to the Memorandum and Recommendation of United States Magistrate Judge Dennis L. Howell. Pursuant to standing orders of designation and 28 U.S.C. § 636, the undersigned referred the Defendant's motion and amended motion to suppress to the Magistrate Judge for a recommendation as to disposition. Having conducted a *de novo* review of those portions of the recommendation to which specific objections were filed, the recommendation is adopted.[1] **28 U.S.C. § 636(b).**

---

[1]On March 2, 2006, the Defendant entered into a plea agreement with the Government wherein he agreed to a "conditional plea of guilty" to Count One of the indictment reserving the right to appeal the Court's ruling on his motion to suppress. He formally entered his plea during a Rule 11 hearing conducted March 6, 2006.

A district court conducts a *de novo* review of those portions of a Memorandum and Recommendation to which specific objections are filed. **28 U.S.C. § 363(b).** Where no objection is made, the Court need "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" ***Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72. Advisory Committee Note).**

The Defendant is charged in a two count bill of indictment with the unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), and possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). **Bill of Indictment, filed December 5, 2005.** The Defendant alleges in his motion to suppress that the search was unconstitutional in that he gave his consent to search the premises to the officers only because he feared he would be arrested if he did not comply and, therefore, his consent was not voluntary. ***See* Amended Motion to Suppress Evidence, filed January 24, 2006, at 2; Affidavit of Calvin Homer Cogdell, *attached to*, Defendant's Amended Motion.** The Magistrate Judge found the search to be proper and recommended to the

Court that Defendant's motions be denied. The Court now addresses the Defendant's objections to that recommendation.

The Defendant first objects to the Magistrate Judge's consideration of his criminal record since it was not part of the testimony presented at the suppression hearing. This objection is without merit. The Defendant does not contend that his criminal record considered by the Magistrate Judge was in any way incorrect. Factors such as age, mental capacity, educational background, the setting in which the permission to search was given, the maturity level, and previous experience with the judicial system are considered in determining coercion. ***United States v. Braxton*, 112 F.3d 777, 780-81 (4th Cir. 1997); *United States v. Lattimore*, 87 F.3d 647 (4th Cir. 1996).**

The Defendant next objects that the practice of "looking for warrants at people he wanted to speak with" used by Sergeant E. C. Winslow of the Rutherford County Sheriff's Department was in fact a coercive tool used to gain consent to search. **Defendant's Objections, at 1.** However, the Defendant does not suggest that it was improper for an officer to look at a warrant for the entirely legal purpose of obtaining the name of a person for whom the issuing authority had probable cause to believe had committed a

crime. Nor does the Defendant suggest that he knew of the practice and how he was thereby coerced. General or conclusory objections without any citations to case law or the record do not warrant *de novo* review. ***Wells v. Shriner's Hosp.*****, 109 F.3d 198, 200 (4th Cir. 1997).**

Defendant next contends that since there was another person in the home, by "drawing" him outside where he was alone with law enforcement officers created a coercive environment. **Defendant's Objections, at 2.** Again, no mention of how this was coercive is suggested, nor are citations offered to support such a position. No suggestion is made that Defendant objected to such a procedure at any time. It is also safe to assume that a person whose home had "been searched on five occasions within the period of a year to a year and a half" prior to this occasion would be familiar with law enforcement practices of either having a valid search warrant or receiving a voluntary permission to search. **Memorandum and Recommendation, at 9.** Here, when told by Winslow that "he had a right to consent or not," the decision being up to the Defendant, he stated he "didn't have a problem with it" so long as he was present when the search was made. ***Id.*****, at 6.** The record shows that the officers complied with that request.

The Defendant also contends that the Magistrate Judge erred in refusing to accept his testimony that there were four officers, not three, present during the search. The Magistrate Judge, being charged with making credibility judgments, specifically found from the "credible evidence" that there were three officers present and the search of Defendant's home and garage were conducted in his presence. ***Id*., at 7.** Subsequent testimony by an accused about his prior subjective mental impressions and reactions must be carefully scrutinized as such testimony is "always influenced by [his] self-interest." ***United States v. Wertz*, 625 F.2d 1128, 1136 (4th Cir. 1980).** This Court accepts the Magistrate Judge's determination made after his observations of the testifying witnesses.

The Court considers the Defendant's objection regarding the officers' tone as frivolous as it relates to the issue before the Court. ***See* Defendant's Objections, at 2, ¶ 5.**

The Defendant's next objection states that he "understood" he would go to jail if he did not permit the officers to search his home. He does not indicate that such a statement was ever made, only that Winslow "told him about the warrant and asked him to cooperate." ***Id*., ¶ 6.** Informing a

defendant of an outstanding warrant for his arrest would not "constitute coercive police conduct rendering a [permissive search] involuntary . . . . For a threat or an implied [threat] to invalidate a defendant's [permission], 'the pressure, in whatever form [or "however slight"], [must be] sufficient to cause the petitioner's will to be overborne and his capacity for self-determination to be critically impaired.'" ***Braxton*, 112 F.3d at 782-83 (quoting *United States v. Ferguson*, 566 F.2d 873, 877 (4th Cir. 1977)).** This Court finds nothing in the record to suggest that the Defendant was not in full control of both his mental and physical faculties.

Defendant's objections to the Magistrate Judge's "Legal Findings" are general, conclusory and void of specific citations to case law or to the record. Such objections are not favored or helpful to the Court. ***See, Battle v. United States Parole Comm'n,* 834 F.2d 429, 421 (5th Cir. 1987).** Nevertheless, after review, this Court concludes that the Magistrate Judge properly found from a totality of the circumstances that voluntary consent to search the Defendant's house and garage was given and the search did not exceed the permissive limits of same. ***United States v. Analla*, 975 F.2d 119, 124 (4th Cir. 1992); *United States v. Jones*, 356 F.3d 529 (4th Cir.), *cert. denied*, 541 U.S. 952 (2004) (discussing scope**

**of the consent).** ***See also, United States v. Boone*, 245 F.3d 351 (4th Cir. 2001) (noting that voluntary consent is well settled exception to Fourth Amendment requirement for a search warrant).**

Therefore, having conducted a *de novo* review of those portions of the Memorandum and Recommendation to which specific objections were filed and a careful review of the remaining general objections, the Court adopts the Magistrate Judge's Memorandum and Recommendation that Defendant's motions to suppress be denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's motion and amended motion to suppress are hereby **DENIED**.

Signed: March 15, 2006

Lacy H. Thornburg
United States District Judge